UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN SENECK,

     Plaintiff,

v.                                      Case No.: 8:26-cv-1719

MANATEE COUNTY, FLORIDA,
a political subdivision of the State of Florida,

     Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RYAN SENECK, by and through his undersigned counsel, hereby

sues Defendant, MANATEE COUNTY, FLORIDA, a political subdivision of the

State of Florida, and alleges as follows:

## **JURISDICTION AND VENUE**

1.     This is an action for damages and equitable relief brought pursuant to

the Americans with Disabilities Act of 1990, as amended by the ADA

Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* (the "ADA"); Section 504 of

the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehabilitation Act"); and the

Florida Civil Rights Act of 1992, § 760.01, Fla. Stat., *et seq.* (the "FCRA").

2.     This Court has original subject-matter jurisdiction over Plaintiff's

ADA and Rehabilitation Act claims pursuant to 28 U.S.C. §§ 1331 and 1343, and

supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy and a common nucleus of operative fact.

3.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04(b), because Defendant is located in Manatee County, Florida, and because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in Manatee County, Florida.

## PARTIES

4.    Plaintiff, RYAN SENECK ("Mr. Seneck" or "Plaintiff"), is an adult individual and a resident of Manatee County, Florida. At all times material hereto, Mr. Seneck was an employee of Defendant within the meaning of the ADA, the Rehabilitation Act, and the FCRA.

5.    Defendant, MANATEE COUNTY, FLORIDA (the "County" or "Defendant"), is a political subdivision of the State of Florida. At all times material hereto, Defendant employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and was an "employer" and "covered entity" within the meaning of 42 U.S.C. §§ 12111(2) and 12111(5), and an "employer" within the meaning of § 760.02(7), Fla. Stat.

6.      At all times material hereto, Defendant was, and continues to be, a department, agency, or instrumentality of a state or local government that receives federal financial assistance, and Defendant's operations constitute a "program or activity" within the meaning of 29 U.S.C. § 794(b).

### SATISFACTION OF CONDITIONS PRECEDENT

7.      On December 4, 2025, Mr. Seneck executed a Charge of Discrimination against Defendant alleging disability discrimination and retaliation, which was filed with the United States Equal Employment Opportunity Commission ("EEOC") on December 5, 2025, and dual-filed with the Florida Commission on Human Relations ("FCHR"), EEOC Charge No. 511-2026-00883 (the "Charge").

8.      The Charge was timely filed within three hundred (300) days of the unlawful employment practices alleged herein.

9.      On March 23, 2026, the EEOC issued Mr. Seneck a Determination and Notice of Right to Sue with respect to the Charge. This action is commenced within ninety (90) days of Mr. Seneck's receipt of that notice.

10.     More than one hundred eighty (180) days have elapsed since the Charge was dual-filed with the FCHR, and the FCHR has not entered a determination on the Charge. Plaintiff's FCRA claims are therefore ripe pursuant to § 760.11, Fla. Stat.

11.     All other conditions precedent to the institution and maintenance of this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

12.     Mr. Seneck suffers from a traumatic brain injury ("TBI") and post-concussion syndrome, physical and mental impairments that substantially limit one or more of his major life activities, including sleeping, concentrating, thinking, working, and the operation of major bodily functions, including neurological and brain functions.

13.     Mr. Seneck's condition is episodic. Flare-ups of his symptoms occur upon awakening from REM sleep and, on occasion, are severe enough to render him temporarily incapacitated for a brief period in the morning. When active, Mr. Seneck's impairments substantially limit one or more major life activities.

14.     To manage his condition, Mr. Seneck wakes early in the morning to allow his body and mind time to adjust before reporting to work.

15.     On or about April 24, 2025, prior to his hire, Mr. Seneck completed a pre-employment physical examination at Concentra, Defendant's designated medical provider. Mr. Seneck disclosed his TBI and post-concussion syndrome on the patient information form, and discussed those conditions in detail with the examining physician, who cleared Mr. Seneck for employment.

16.    On May 12, 2025, Mr. Seneck began working for Defendant as a Public Works Maintenance Technician I in the Stormwater Division of Defendant's Property Management Department.

17.    Mr. Seneck was qualified for his position and performed his job capably. On or about September 12, 2025, Mr. Seneck's third-level supervisor, Field Operations Chief Scott Chapman, told Mr. Seneck that he was "a good worker" and that Defendant was "willing to invest time and training, such as the CDL," into him.

18.    In early September 2025, Mr. Seneck's symptoms began to worsen. Mr. Seneck reported his condition, and explained its exact nature, to his direct supervisor, Maintenance Supervisor Johnathan Munivez, and to his second-level supervisor, Maintenance Superintendent Anthony Stevens, among others.

19.    When Mr. Seneck inquired about leave under the Family and Medical Leave Act ("FMLA"), he was told that he did not qualify because he had not been employed for one year.

20.    On September 24, 2025, Mr. Munivez provided Mr. Seneck with an FMLA/ADA packet and, in his own handwriting, directed Mr. Seneck to contact The Hartford—Defendant's third-party leave and accommodation administrator—to initiate an ADA accommodation claim.

21.    Mr. Seneck promptly complied and initiated a request for reasonable accommodation through The Hartford on or about September 29, 2025.

22.    On or about October 7, 2025, Mr. Seneck's request for reasonable accommodation was formally submitted with the support of his treating physician. The requested accommodation was modest: that Mr. Seneck be permitted, without penalty, to arrive late to work or to be absent during acute flare-ups of his symptoms, and that he refrain from driving during acute symptoms.

23.    The Hartford mishandled Mr. Seneck's claim on at least two occasions, which Mr. Seneck discovered only through his own diligent follow-up. Defendant, meanwhile, had transitioned the processing of ADA accommodation requests in-house, but never informed Mr. Seneck of that change.

24.    Indeed, on October 8, 2025, Defendant's own FMLA office emailed Mr. Seneck written instructions that continued to direct employees needing a reasonable accommodation to request it through The Hartford.

25.    On the morning of October 30, 2025, Defendant's Employee Relations Specialist, Scott Sharp, emailed Field Operations Chief Scott Chapman, describing Mr. Seneck's requested accommodation and acknowledging in writing that working with the employee's supervision "is part of the interactive process."

26.    At 9:07 a.m. that same morning—before receiving any response from Mr. Chapman, without ever speaking with Mr. Seneck or his physician, and

without considering any alternative accommodation—Mr. Sharp notified The Hartford: "This request is denied. His position requires him to be on time daily so his team can be deployed effectively without delay."

27.     Mr. Chapman did not respond to Mr. Sharp's inquiry until 1:23 p.m. that afternoon—more than four hours after Mr. Sharp had already communicated Defendant's denial of the accommodation.

28.     At no time did anyone from Defendant discuss the accommodation request with Mr. Seneck, propose or explore any alternative accommodation (such as permitting Mr. Seneck to take an approved full day of leave during a flare-up), or explain to Mr. Seneck why the requested accommodation could not be provided.

29.     On November 5, 2025, The Hartford issued a written denial notification confirming that Mr. Seneck's request was closed "Not Accommodated."

30.     Mr. Seneck's requested accommodation was reasonable. His flare-ups were periodic and infrequent: over the entire course of his employment, Mr. Seneck missed only approximately two to three days of work because of his disability.

31.     Every absence Mr. Seneck took during his employment was requested and approved through Defendant's leave-management system, and Mr. Seneck had accrued paid leave available to cover his absences.

32.    At all times material hereto, Mr. Seneck was able to perform, and did perform, all of the essential functions of his position, with or without reasonable accommodation, including the safe operation of machinery and vehicles.

33.    On November 17, 2025—less than three weeks after Defendant denied his accommodation request without any interactive process, and while Mr. Seneck reasonably believed his accommodation paperwork remained under review—Defendant terminated Mr. Seneck's employment.

34.    That morning, Mr. Munivez brought Mr. Seneck to the office, telling him that he did not know what the meeting was about. Present at the meeting were Mr. Chapman, Mr. Stevens, Mr. Munivez, and Mr. Seneck. Mr. Chapman handed Mr. Seneck a termination notice, and Mr. Stevens stated that Mr. Seneck was being terminated due to his "time off."

35.    The first absence Mr. Stevens cited was a day Mr. Seneck had taken off just days earlier because of his condition—an absence Mr. Munivez had approved that morning, and for which Mr. Seneck had paid sick time available. When Mr. Seneck pointed this out, Mr. Stevens responded that he "doesn't care."

36.    Mr. Stevens then told Mr. Seneck that he was "abusing [his] condition by taking days off" and that this was "unacceptable."

37.    Mr. Stevens proceeded to cite other absences—each of which had been approved, including a two-week vacation approved at the time of Mr.

Seneck's hire. When Mr. Seneck noted that every absence had been approved, Mr. Stevens demanded: "Did you even disclose your medical condition before you were hired?"

38.     After Mr. Seneck responded that he had disclosed his condition to the physician at Concentra during his pre-hire physical, Mr. Stevens appeared at a loss for words. Mr. Chapman then shook his head at Mr. Stevens, took over the conversation, and stated: "We are firing you because you're not a good fit. It is within our policy to do so." When Mr. Seneck protested that he was being let go because of his medical condition, Mr. Chapman merely repeated that Mr. Seneck was "not a good fit."

39.     The written termination letter handed to Mr. Seneck, signed by Defendant's Property Management Director and Human Resources Director, stated only that Mr. Seneck had failed to complete his probationary period "in a satisfactory manner."

40.     In a telephone conversation later that same day, Mr. Sharp admitted to Mr. Seneck that he—Mr. Sharp—had written the termination notice, even though his name appears nowhere on it, and stated that Mr. Seneck's requested accommodations were "totally and completely unacceptable."

41.     Defendant terminated Mr. Seneck's employment because of his disability and because he requested reasonable accommodations for his disability.

42.    As a direct and proximate result of Defendant's unlawful conduct, Mr. Seneck has suffered and continues to suffer lost wages and benefits, lost future earnings and earning capacity, emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life.

## COUNT I

## ADA – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

43.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

44.    At all times material hereto, Mr. Seneck had a disability within the meaning of 42 U.S.C. § 12102, in that he has a physical or mental impairment that substantially limits one or more major life activities, and has a record of such an impairment.

45.    At all times material hereto, Mr. Seneck was a qualified individual within the meaning of 42 U.S.C. § 12111(8), in that he could perform the essential functions of his position with or without reasonable accommodation.

46.    Defendant knew of Mr. Seneck's disability.

47.    Mr. Seneck requested a reasonable accommodation for his disability.

48.    A reasonable accommodation existed that would have allowed Mr. Seneck to perform the essential functions of his job.

49.    Defendant failed and refused to provide Mr. Seneck a reasonable accommodation, and failed to engage in good faith in the interactive process required by the ADA, in violation of 42 U.S.C. § 12112(b)(5)(A).

50.    Defendant's conduct was intentional and undertaken with malice or reckless indifference to Mr. Seneck's federally protected rights.

51.    As a direct and proximate result of Defendant's violation of the ADA, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 12117 and 12205; and (g) such other and further relief as this Court deems just and proper.

## COUNT II

## ADA – DISABILITY DISCRIMINATION (DISCHARGE)

52.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

53.     At all times material hereto, Mr. Seneck had a disability within the meaning of 42 U.S.C. § 12102, had a record of such a disability, and/or was regarded by Defendant as having a disability.

54.     At all times material hereto, Mr. Seneck was a qualified individual within the meaning of 42 U.S.C. § 12111(8), in that he could perform the essential functions of his position with or without reasonable accommodation.

55.     Defendant discharged Mr. Seneck from his employment on November 17, 2025.

56.     Defendant discharged Mr. Seneck because of his disability, in violation of 42 U.S.C. § 12112(a). Defendant's discriminatory animus is evidenced by, among other things, its managers' statements at the termination meeting that Mr. Seneck was "abusing [his] condition by taking days off," and the demand to know whether he had "even disclose[d] [his] medical condition before [he was] hired."

57.     Defendant's conduct was intentional and undertaken with malice or reckless indifference to Mr. Seneck's federally protected rights.

58.    As a direct and proximate result of Defendant's violation of the ADA, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 12117 and 12205; and (g) such other and further relief as this Court deems just and proper.

**COUNT III**

**ADA – RETALIATION**

59.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

60.    Mr. Seneck engaged in statutorily protected activity under the ADA by, among other things, requesting reasonable accommodations for his disability in good faith and by opposing Defendant's failure to accommodate his disability.

61.     Defendant thereafter took adverse employment action against Mr. Seneck, including by discharging him from his employment on November 17, 2025.

62.     Defendant took the adverse employment action because of Mr. Seneck's protected activity. The causal connection is established by, among other things, the close temporal proximity between Mr. Seneck's accommodation requests and his discharge, and Defendant's managers' own statements that Mr. Seneck was terminated for his "time off," that he was "abusing [his] condition by taking days off," and that his requested accommodations were "totally and completely unacceptable."

63.     Defendant's conduct violated 42 U.S.C. § 12203(a).

64.     As a direct and proximate result of Defendant's retaliation, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e)

prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 42 U.S.C. §§ 12117 and 12205; and (g) such other and further relief as this Court deems just and proper.

## COUNT IV

## REHABILITATION ACT § 504 – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

65.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

66.     At all times material hereto, Defendant was a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. § 794(b).

67.     At all times material hereto, Mr. Seneck was an individual with a disability within the meaning of 29 U.S.C. § 705(20) and 42 U.S.C. § 12102.

68.     At all times material hereto, Mr. Seneck was otherwise qualified for his position, in that he could perform the essential functions of his position with or without reasonable accommodation.

69.     Defendant knew of Mr. Seneck's disability, and Mr. Seneck requested a reasonable accommodation for his disability.

70.     A reasonable accommodation existed that would have allowed Mr. Seneck to perform the essential functions of his job.

71. Defendant failed and refused to provide Mr. Seneck a reasonable accommodation and failed to engage in good faith in the interactive process, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which incorporates the standards of the ADA, 29 U.S.C. § 794(d).

72. Defendant's conduct was intentional and/or undertaken with deliberate indifference to Mr. Seneck's federally protected rights.

73. As a direct and proximate result of Defendant's violation of the Rehabilitation Act, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a(b); and (g) such other and further relief as this Court deems just and proper.

**COUNT V**

## REHABILITATION ACT § 504 – DISABILITY DISCRIMINATION

## (DISCHARGE)

74.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

75.    At all times material hereto, Defendant was a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. § 794(b).

76.    At all times material hereto, Mr. Seneck was an individual with a disability within the meaning of 29 U.S.C. § 705(20) and 42 U.S.C. § 12102.

77.    At all times material hereto, Mr. Seneck was otherwise qualified for his position, in that he could perform the essential functions of his position with or without reasonable accommodation.

78.    Defendant discharged Mr. Seneck from his employment on November 17, 2025, solely by reason of his disability, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

79.    Defendant's conduct was intentional and/or undertaken with deliberate indifference to Mr. Seneck's federally protected rights.

80.    As a direct and proximate result of Defendant's violation of the Rehabilitation Act, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a(b); and (g) such other and further relief as this Court deems just and proper.

**COUNT VI**

**<u>REHABILITATION ACT § 504 – RETALIATION</u>**

81.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

82.    At all times material hereto, Defendant was a program or activity receiving federal financial assistance within the meaning of 29 U.S.C. § 794(b).

83.    Mr. Seneck engaged in statutorily protected activity by, among other things, requesting reasonable accommodations for his disability in good faith and by opposing Defendant's failure to accommodate his disability.

84.     Defendant thereafter took adverse employment action against Mr. Seneck, including by discharging him from his employment on November 17, 2025.

85.     Defendant took the adverse employment action because of Mr. Seneck's protected activity, as evidenced by, among other things, the close temporal proximity between Mr. Seneck's accommodation requests and his discharge, and Defendant's managers' own statements at and after the termination meeting.

86.     Defendant's conduct violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which incorporates the anti-retaliation standards of the ADA, 42 U.S.C. § 12203, through 29 U.S.C. § 794(d).

87.     As a direct and proximate result of Defendant's retaliation, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e)

prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a(b); and (g) such other and further relief as this Court deems just and proper.

## COUNT VII

## FCRA – FAILURE TO PROVIDE REASONABLE ACCOMMODATION

88.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

89.     The FCRA, § 760.10(1)(a), Fla. Stat., makes it unlawful for an employer to discriminate against any individual with respect to the terms, conditions, or privileges of employment because of such individual's handicap. The FCRA is construed in conformity with the ADA, and an employer's failure to provide a reasonable accommodation for a known disability constitutes unlawful discrimination under the FCRA.

90.     At all times material hereto, Mr. Seneck was an individual with a handicap or disability within the meaning of the FCRA.

91.     At all times material hereto, Mr. Seneck was a qualified individual, in that he could perform the essential functions of his position with or without reasonable accommodation.

92.     Defendant knew of Mr. Seneck's disability, and Mr. Seneck requested a reasonable accommodation for his disability.

93.     A reasonable accommodation existed that would have allowed Mr. Seneck to perform the essential functions of his job.

94.     Defendant failed and refused to provide Mr. Seneck a reasonable accommodation and failed to engage in good faith in the interactive process, in violation of § 760.10, Fla. Stat.

95.     As a direct and proximate result of Defendant's violation of the FCRA, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to § 760.11(5), Fla. Stat.; and (g) such other and further relief as this Court deems just and proper.

## COUNT VIII

### FCRA – DISABILITY DISCRIMINATION (DISCHARGE)

96.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

97.    At all times material hereto, Mr. Seneck was an individual with a handicap or disability within the meaning of the FCRA, had a record of such a disability, and/or was regarded by Defendant as having a disability.

98.    At all times material hereto, Mr. Seneck was a qualified individual, in that he could perform the essential functions of his position with or without reasonable accommodation.

99.    Defendant discharged Mr. Seneck from his employment on November 17, 2025.

100.   Defendant discharged Mr. Seneck because of his disability, in violation of § 760.10(1)(a), Fla. Stat.

101.   As a direct and proximate result of Defendant's violation of the FCRA, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages

for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to § 760.11(5), Fla. Stat.; and (g) such other and further relief as this Court deems just and proper.

## COUNT IX

## FCRA – RETALIATION

102.   Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 42 above, as if fully set forth herein.

103.   Mr. Seneck engaged in statutorily protected activity under the FCRA by, among other things, requesting reasonable accommodations for his disability in good faith and by opposing Defendant's failure to accommodate his disability.

104.   Defendant thereafter took adverse employment action against Mr. Seneck, including by discharging him from his employment on November 17, 2025.

105.   Defendant took the adverse employment action because of Mr. Seneck's protected activity, as evidenced by, among other things, the close temporal proximity between Mr. Seneck's accommodation requests and his discharge, and Defendant's managers' own statements at and after the termination meeting.

106. Defendant's conduct violated § 760.10(7), Fla. Stat.

107. As a direct and proximate result of Defendant's retaliation, Mr. Seneck has suffered damages, including lost wages and benefits, emotional pain and suffering, mental anguish, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff, RYAN SENECK, respectfully demands judgment against Defendant, MANATEE COUNTY, FLORIDA, for: (a) back pay and lost employment benefits; (b) reinstatement to his former position or, in the alternative, front pay and benefits; (c) compensatory damages, including damages for emotional pain and suffering, mental anguish, embarrassment, humiliation, loss of dignity, and loss of enjoyment of life; (d) declaratory and injunctive relief; (e) prejudgment and post-judgment interest as allowed by law; (f) reasonable attorneys' fees and costs pursuant to § 760.11(5), Fla. Stat.; and (g) such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

108. Plaintiff, RYAN SENECK, hereby demands a trial by jury on all issues so triable as of right.

Dated: June _____, 2026.

Respectfully submitted,

/s/ Frank M. Malatesta
**Frank M. Malatesta, Esq.**
Florida Bar No. 0097080

MALATESTA LAW OFFICE PLLC
871 Venetia Bay Blvd., Suite 235
Venice, Florida 34285
Telephone: (941) 256-3812
Frank@malatestalawoffice.com
*Attorney for Plaintiff*